## J. W. SELLARS *v.* FITE, ANDERSON & GREEN.

1. PRINCIPAL AND SURETY. *Stayor. Execution. The Property of the Principal must first be Exhausted.* It is the duty of an officer to first exhaust the property, both real and personal of the principal, before proceeding fo sell that of the surety or stayor.

Code cited: §3028–6–30–31.

Act cited: Act of 1843, Ch. 32. Nich. Sup., p. 278.

2. SAME. *The Statute not Directory.* *When.* The Act requiring the officer to exhaust the property of the principal first before seizing the property of the surety, is not merely directory, but mandatory when the surety insists upon his right of protection under its provisions.

Cases cited and reviewed: Atkinson *v.* Rhea, 7 Hum., 59; Cheatham *v.* Brien, 3 Head., 553; Dice *v.* Penn, *et al.,* 2 Swan, 564; Cooly Con. Lim., p. 77.

3. SAME. *Same.* *Practice.* *Certiorari.* The remedy by certiorari is appropriate to quash a levy on property wrongfully made by an officer.

Cases cited; Jones *v.* Williams, 2 Swan, 105; Beeler *v.* Hall, 11 Hum., 446.

---

FROM DEKALB.

---

Appeal from the Circuit Court. JOSEPH CLARK, Special Judge.

J. A. & R. C. NESMITH for Sellars.

R. CANTRELL for Fite, Anderson & Green.

FREEMAN, J., delivered the opinion of the Court.

This is a petition for certiorari and supersedeas, to quash a levy of an execution, levied on the property of plaintiff, the surety for stay on a judgment obtained by Fite, Anderson & Green, against one Dodds, before a Justice of the Peace of DeKalb County.

The petition shows that the principal had ample property in the county, on which the complainant could have levied to satisfy the execution, and the same was shown to the officer, and he urged to make the levy; that he would not do so, but wrongfully levied on the property of the surety.

The petition was dismissed on motion, and the only question is, whether it states sufficient grounds for granting the relief prayed for. §3028 of the Code provides, "that when the judgment or decree is against the principal and his surety, it shall be the duty of the officer having the collection thereof, to exhaust the property of the principal, both real and personal, before proceeding to sell the property of the surety."

§3029 defines "surety" to mean accommodation endorsers, stayors, and all other persons whose liability on the debt or contract is posterior to that of another. But says, the surety shall, if requested by the officer, show the property of the principal to entitle himself to the benefit of this provision. §3030 provides, that after exhausting the property of the principal, the officer shall proceed to subject the property of other parties, in the order of their liability on the debt or contract, and makes a similar provision for showing property of party previously liable, on request of the officer, as in the preceding section.

§3031 then provides, that all parties will be considered equally liable in all cases, unless the order of liability is shown to the Court or Justice, and recited in the judgment or decree, but the Clerk or Justice, issuing an execution on the judgment or decree containing these recitals, shall state the order of liability in the execution. These sections, in the main, are taken from the Act of 1843, Ch. 32. Nich. Sup., p. 278.

It is plain from the face of the Act that the Leg-

islature intended, in terms not to be misunderstood, that a principal's property should first be exhausted by an officer having an execution in his hands, before the sureties should be subject to a levy. . They have imposed certain requirements to be pursued before this Act shall be effective to shield the sureties, however. One is, that the fact of the suretyship shall be made to appear to the Court rendering the judgment, shall be recited in said judgment, and shall appear in . the face of the execution. This was to enable the officer from the face of the writ in his hands to see the facts, that he might know what was his duty in the premises. That he might be still further guarded from error, or not be put to inconvenience in the performance of his duty, and the plain mandate of the Statute carried out, without delay, it is provided, that if requested by the officer, the surety shall show the property of the principal, in order to entitle himself to the benefit of these provisions in his favor. Now, when all this is done, the question is, can the officer legally proceed to take the property of the surety under the execution, rather than that of the principal thus shown him? We think, clearly not, unless we can disregard the plain language, meaning and well-considered purpose of the legislature. In other words, hold that the officer may lawfully do, that which the law expressly forbids him to do, and thus permit the Statute to be operative for the benefit of the surety, not under the circumstances prescribed by the Statute, but only at the will of an officer having an execution

---

J. W. Sellars *v.* Fite, Anderson & Green.

---

in his hands.    This officer is liable to be influenced by the plaintiff, whose agent he is, to a certain extent, in the collection of the debt.    Where land of the principal is to be levied on as the means of satisfying the execution, the delay in this mode of collecting under execution, may well prompt both the creditor and the officer to desire, if possible, to pass it by, and take the speedier method of going on the personal property of the surety, as would appear to be the fact in this case, admitting the allegations of the petitioner to be true.    It seems clear, from the language of the Legislature, that it is the imperative duty of the officer to levy on the property of the principal first, if to be found.    In case he finds any trouble in this direction, he may request the surety to show him property of the principal, and if he fails to do so, then he is at liberty to go on the property of the surety, but not until then, unless, as I think, the law is disregarded, and practically repealed. ´ It is proper to say here, that the execution in this case recites the fact of the suretyship of the petitioner, as required.

But it is maintained that this Statute has been held to be directory to the sheriff or officer, and the remedy is alone against the officer for violation of the right of the surety.    I cannot assent to the correctness of this view, nor do we think that the fair construction of any of our decisions on the question, though single remarks of the Judge, delivering the opinion, referred to, taken out of their connection, or without reference to the facts of the case, might lead to the conclusion

stated.    The case of *Atkinson* v. *Rhea*, 7 Hum., 59, is a case relied on to support this proposition.    It will be seen, however, in looking at the case, that the Court adjudges that the petition was properly dismissed, because it showed on its face that the negro levied on as the property of the principal, for which a delivery bond was given, with Cobb as surety, was not delivered to the officer, and that Cobb, the surety, while claiming that this negro should have been levied on as property of Atkinson. the principal, in exoneration of his own property; yet in the same petition had insisted throughout, that she was his own property.    It might suffice to say, that this case did not raise the question of a surety pointing out the property of the principal for the officer, or the fact that ample unincumbered property of the principal was in the county, subject to execution.    No such case was stated in the petition, and it was properly dismissed.    It is true, after deciding the case on the ground stated, the Judge says in conclusion of the opinion, that the Act of Assembly requiring the sheriff to exhaust the property of the principal before going on that of the surety, is only directory to the officer.    If he disregards it, the surety may sue him and recover damages, but the execution and sale of the property of the surety will be good, and valid, etc.    But as we have seen, the facts did not, as we think, raise the question under the Statute—no such case as is now before us being stated in the petition.    What was thus said is pure dicta on a question not before the Court, and cannot

be regarded as authority. We may add that the statement of law by the Judge, may be correct in reference to the matters stated by the Court, that the officer would be liable for damages, and the purchaser's title be good under a sale, but it does not follow that the officer ought to be allowed, in violation of law, to perpetrate the wrong, and the surety lose his property, and be driven to a suit against the officer for his damages. This might prove a very inadequate remedy. What shall be the measure of damages? Might not the officer be entitled to show that the money received from the sale of the property went in discharge of the debt on which the surety was liable, by way of reducing the damages, and thus the property, or its proceeds at least, be appropriated to the debt by indirection. We confess there would be difficulty in holding the contrary.

The next case relied. on is *Cheatham* v. *Brien*, 3 Head, 553. In that case the principal had died, and his property could only be reached by reviving the judgment. The Court held simply, that the property of the principal under these circumstances not being immediately subject to the execution, as was contemplated by the plain meaning of the Statute, the officer's duty was to execute the writ on the property of the surety. This case was properly decided, but only raised the question we have stated, no other, and certainly not the one now before the Court. It is true, the remark is made that the Statute is directory, but the reasoning of the Court tends strongly to sustain

the view we have laid down, and that where property of the principal was immediately open to execution, the officer was bound to take it in exoneration of the surety.

This word *directory*, in construing Statutes, we find used in several senses in our decisions, and frequently with more or less inaccuracy. The context, however, will in general, explain its application, as in the case of *Dice* v. *Penn, et als*, 2 Swan, 564, where the title of a purchaser of land under execution, was sought to be held void, because there was personal property of the party known to him of the defendant, yet he lived on the land. The Court say, the Statute on this subject was directory to the sheriff, and the purchaser's title good, but adds, the direction of the law is only intended for the benefit of the debtor, and being for his benefit, no other person could take advantage of it. So in a case in 1 Heisk., 414, to the question, of sale of sureties' property, the Court say, the Statute is directory to the sheriff, and is for the protection of the surety. If the surety submits to it, no one else can be heard to complain. The meaning of the Court in these cases clearly is, that in reference to objections made by third parties, the Statute is so far held directory, as that such parties shall not take advantage of the failure to comply with the directions, while the party intended to be protected does not complain of the violation of his rights. In none of these cases, however, is it held, that as between the surety and the plaintiff in the execution,

and his agent the officer, the Statute is directory in the sense that the officer may disregard its mandate at his pleasure, the surety be injured at his will, his property sold, and the Courts turn a deaf ear to his application for restraining or preventing relief, when he makes the case of wrong, and applies for it. The definition of a directory statute, as given by Judge Cooley, Const. Lim., p. 77, adopted by this Court in several cases, excludes the idea that this Statute can be construed as directory in the sense contended for. It is as follows: "Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of business, and by a failure to obey which, the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory. But this rule pre-supposes that no negative words are employed in the Statute, which expressly or by necessary implication forbid the doing the act in any other manner, than as directed; and the doctrine is to be applied with much circumspection." We need but add, that the language of these sections of the Code is as imperative, as to the order in which the property shall be subjected can be made, and the intention, as we think, clear beyond all question.

We may add, under the rule given above, that it is not a question of the mode of doing the act that is provided for in this case, so that it might be indifferent whether this or that mode was pursued, but the act itself is forbidden, and the surety is declared en-

J. W. Sellars *v.* Fite, Anderson & Green.

titled, (not to sue the officer) but to have his principal's property first exhausted. The Statute says he is entitled to have this done. The decision in this case holds, as I understand it, that he is not so entitled, though he has complied with all the requirements of the law, but may sue the officer for damages, thus depriving the surety of the right given by the Statute, and furnishing another and different one on general principles. To this view I have been unable to assent.

In addition to the above, the remedy by certiorari has been held the appropriate remedy to quash a levy on property exempt from execution, wrongfully levied on by an officer. *Jones* v. *Williams*, 2 Swan, 105. This was so held on the principle, that notwithstanding an officer and creditor, who advised the levy, were liable to an action for damages, and the officer liable to indictment, this mode of redress prevented the injury, and permitted the exempted property to remain in possession of the party. The principle applies with equal force in the case now under consideration. The case of *Beeler* v. *Hall*, 11 Hum., 446, we think distinctly recognizes the right of a surety to require the property of parties liable under the Statute before him, to be exhausted before resorting to his. The Court say, that Baker, who was stayor, in the facts shown, would have the right to require the property of the other parties to the judgment (appearing as principals) to be exhausted, before proceeding against his property. We think this case has generally been followed in

9—vol. 3.

practice, and the certiorari resorted to for the asser-
tion of the right of the surety. The certiorari in
such cases being used, as the Court say, to remedy an
injury or wrong actually done—that is, the levy on
his property, in violation of provisions of the Statute,
requiring a levy on the property of the principal first.
The question, we concede, was not directly raised in
this case. As to the policy or wisdom of the Statute
requirement, we need not decide; it is sufficient its
requirements are plain, and the party has by his peti-
tion presented a clear case of its violation, and asks
that it be prevented, and he have the benefit of the
law as enacted. We think it ought not be denied
him, by saying the requirement is merely directory to
the officer. On the contrary, we think it gives a
right to the surety to which he is clearly entitled.
We but add, that the preventive relief is always better
than reparation, as it is next to impossible with per-
fect accuracy to make the party whole by damages,
but if he keeps his property, his right remains in
tact as guaranteed by the law. That all should en-
joy their legal rights guaranteed to them without mol-
estation, is the great leading object of all wholesome
laws, and Courts should always lean to that policy
which secures this end.

For these reasons, I am compelled to dissent
from the views of the Court in the opinion just read.*

* This is Judge Freeman's dissenting opinion, and by accident preceeds
the opinion of the Court delivered by Judge Deaderick, which immediately
follows.—REPORTER.